UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY GONZALEZ,            :
                             :
     Petitioner              :
                             :
   v.                        :   CIVIL NO. 4: CV-04-1752
                             :
FRANK GILLIS,                :   (Judge McClure)
                             :
     Respondent              :

## MEMORANDUM AND ORDER

November 9 , 2005

**Background**

Anthony Gonzalez ("Petitioner"), an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Twp."), initiated this pro se petition for writ of habeas corpus. Named as Respondent is SCI-Coal Twp. Superintendent Frank Gillis. The York County, Pennsylvania District Attorney's office has filed an answer to the petition.

Gonzalez was convicted of second degree murder, unlawful restraint, aggravated assault, criminal conspiracy, and two (2) counts of robbery following a jury trial in the York County Court of Common Pleas. On May 1, 1995, he was

sentenced to a term of life imprisonment plus 7 to 14 years.  Following a direct appeal to the Pennsylvania Superior Court, his conviction was affirmed on May 10, 1996.  See Record document no. 15, Exhibit C.  The Pennsylvania Supreme Court denied his request for allowance of appeal on January 7, 1997.  See Commonwealth v. Gonzalez, 687 A.2d 376  (Pa. 1997)(Table).

On December 29, 1997, the Petitioner initiated an action pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA").  His petition was denied by the trial court on July 21, 1998.  The record indicates Petitioner attempted to file a pro se appeal.  However, the notice of appeal was apparently forwarded by the York County Clerk of Court to Petitioner's PCRA counsel.  Thereafter, a series of confusing events transpired which included the trial court's revocation of the appointments of both Petitioner's original and substitute PCRA counsel.  According to the record, the end result was that a timely PCRA appeal was not filed.

A submission made by the Petitioner on March 18, 2002 was deemed a second PCRA petition by the trial court.  Gonzalez's filing requested reinstatement of his appellate rights with respect to his initial PCRA action.  Gonzalez's second PCRA petition was dismissed as being untimely filed by both the trial court and

the Superior Court.  See  Record document no. 15, Exhibit J.  On July 27, 2004, the Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal.  See  Commonwealth v. Gonzalez, 858 A.2d 108 (Pa. 2004)(Table).

Gonzalez filed his present § 2254 petition on August 10, 2004.  Petitioner claims that he is entitled to federal habeas corpus relief on the grounds that:  (1) his conviction was the result of actions taken by an unconstitutionally selected and impaneled jury; (2) he received ineffective assistance from his trial and PCRA counsel; and (3) the imposition of a mandatory life sentence for felony murder violated both his due process and equal protection rights.  The Respondent argues that Gonzalez's petition is barred by the applicable statute of limitations.

**Discussion**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, 28 U.S.C. § 2244(d)(1)-(2) provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . .

> .
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the direct appeal is concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original).

However, a one year grace period existed for applicants whose convictions became final before the April 23, 1996 effective date of the AEDPA. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Gonzalez was convicted and sentenced in 1995. However, the Pennsylvania Supreme Court did not deny his request for allowance of appeal on January 7, 1997, after the AEDPA's effective date. According to the Respondent, Gonzalez was required to seek federal habeas corpus relief on or before April 7, 1998 (one year from the expiration of

"the time period within which to file for writ of <u>certiorari</u> with the United States Supreme Court expired"). Record document no. 14, ¶ 6.

Respondent's computation properly considers the period during which Gonzalez could seek review from the United States Supreme Court. See <u>Kapral v. United States</u>, 166 F.3d 565, 570 (3d Cir. 1999). Accordingly, this Court agrees that Petitioner's conviction became final when the time period for seeking <u>certiorari</u> expired. Accordingly, Gonzalez had until April 7, 1998 in which to timely seek federal habeas corpus relief.

As indicated above, § 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. <u>Lovasz v. Vaughn</u>, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. <u>Swartz v. Meyers</u>, 204 F.3d 417 (3d Cir. 2000).

"Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

In Nara v. Frank, 264 F.3d 310, 316 (3d Cir. 2001) the Third Circuit recognized that a motion to withdraw a guilty plea nunc pro tunc "was a 'properly filed application for state post-conviction or other collateral review' within the meaning of § 2244(d)(2)." However, a subsequent ruling by the Third Circuit held that an untimely PCRA petition was not a properly filed action for purposes of the AEDPA and therefore did not toll the statute of limitation for the filing of a federal habeas petition. Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003).

In Schleueter v. Varner, 2004 WL 2035180 (3d Cir. Sept. 14, 2004), the Third Circuit established that a state court ruling dismissing a PCRA petition as untimely was controlling for purposes of a determination under Merritt. The Court of Appeals added that tolling was not permissible "merely because petitioner

6

unsuccessfully has sought the right to appeal *nunc pro tunc* years after his unexercised right to file a timely direct appeal has expired." Id. at p. 6.

Furthermore, the AEDPA's "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998). The Jones court held that "extraordinary" and "rare" circumstances are required for the granting of equitable tolling.[1] "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).[2]

The one year period began to run when Petitioner's conviction became final on April 7, 1997. The limitation period was statutorily tolled beginning on

---

[1] Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

[2] This position is also supported by the unambiguous statutory language of 28 U.S.C. § 2254(i) which precludes habeas relief for ineffective or incompetence of collateral counsel.

December 29, 1997 when Gonzalez filed his initial PCRA action. As noted earlier, after the trial court's denial of the initial PCRA petition a confusing chain of events ensued. Based on the ensuing period of confusion, it is apparent to this Court that Petitioner is entitled to either statutory or equitable tolling from the December 29, 1997 filing of his initial PCRA action to January 2, 2002, when the trial court again denied collateral relief to Gonzalez.[3]

On March 18, 2002, the Petitioner made a filing with the trial court which was construed as a second PCRA action. Both the trial court and the Superior Court dismissed the matter as being an untimely second PCRA petition. Thereafter, the Pennsylvania Supreme Court denied Gonzalez's petition for allowance of appeal.

Under the standards announced in Merritt and Schleueter, the Petitioner is not entitled to statutory tolling for the period of time in which his second untimely PCRA action was pending before the Pennsylvania state courts, specifically from March 18, 2002 to July 27, 2004.

---

[3] With respect to the doctrine of equitable tolling, it is noted that there is no evidence that the Commonwealth actively misled the Petitioner. A review of the record also establishes that this is not a situation involving recently discovered claims. On the contrary, the record indicates Petitioner has been aware of the substance of his present claims since he initiated his first PCRA action in 1997.

With respect to the issue of equitable tolling for the same March 18, 2002-July 27, 2004 period, the Petitioner has not demonstrated the extraordinary and rare circumstances required for the equitable tolling exception under Jones.  In Johnson v. Hendricks, 314 F. 3d 159 (3d Cir. 2002), the Third Circuit held that attorney error was not a sufficient basis for equitable tolling.  Likewise, it has been established that the principles of equitable tolling do not extend to claims of excusable neglect.  Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990).

While this Court is sympathetic to the plight of pro se litigants, under the standards set forth in Miller and Jones, the present petition simply does not allege the type of extraordinary circumstances which would warrant equitable tolling for the March 18, 2002 to July 27, 2004 period during which Petitioner's untimely second PCRA action was pending.[4]  Since Gonzalez's present § 2254 action was not filed until August 10, 2004, it was well beyond the one year limitations period established by § 2244.  Thus, Petitioner's request for federal habeas corpus relief will be dismissed pursuant to § 2244(d)(1)(A).  Consequently,

---

4 .  To the extent that Gonzalez believes that there are circumstances existing that would warrant tolling of the limitations period, or that he can allege facts showing that his present habeas corpus petition was timely filed, he may seek reconsideration of this decision.  Any motion for reconsideration must be filed within ten (10) days of this decision.

**IT HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

2. The Clerk of Court is directed to close the case.

3. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.



   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge